IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**COREY LAMAR ANDREWS, #04903-003**                  **PETITIONER**

**VERSUS**                  **CIVIL ACTION NO. 5:07-cv-60-DCB-MTP**

**CONSTANCE REECE, et al.**                  **RESPONDENTS**

MEMORANDUM OPINION AND ORDER

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner, an inmate incarcerated at the Federal Correctional Complex - Yazoo, Yazoo, Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241 on March 26, 2007. Petitioner states he was convicted of drug conspiracy on August 25, 1994, in the United States District Court for the Souther District of Alabama and sentenced to 198 months in the custody of the Bureau of Prisons (BOP). [1, p. 2].

Petitioner is challenging the Bureau of Prisons' interpretation of 28 C.F.R §§ 570.20 and 570.21. Petitioner states that the BOP interprets these regulations to categorically prohibit all inmates placement into a Residential Re-entry Center regardless of the inmates specific circumstances. Petitioner claims that the BOP refuses to consider placement into a Residential Re-entry Center until the last 10 percent or six months of his sentence. As relief, petitioner requests this court to determine that there is no legal basis for the denial of his request to be immediately placed in a Residential Re-entry Center.

Since the filing of this petition, Congress passed the Second Chance Act of 2007, Pub. L. 110-199, Title II, § 251(a), 122 Stat. 692 (Apr. 9, 2008), which amends 18 U.S.C. § 3624(c) to increase placement in a Community Corrections Center or Residential Re-entry Center to twelve

months, and requires the BOP to make placement decisions on an individual basis consistent with the criteria set forth in 18 U.S.C. § 3621(b). On September 30, 2008, this court entered an order [4], directing the petitioner to file a written response stating why his petition for habeas relief should not be dismissed as moot in light of the above legislation. Petitioner was also provided the opportunity to voluntarily dismiss his petition. Petitioner filed a response [6] to this court's order on October 17, 2008. This response stated that this petition should not be dismissed as moot because the petitioner has "a reasonable expectation that Respondents' wrongful behavior will be repeated, even in light of the Second Chance Act." [6, p. 2]. For the following reasons this court is not persuaded by the petitioner's argument.

Whether a case is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy. Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987). This court is obliged to raise the subject of mootness sua sponte. Id. As stated above, subsequent to petitioner's petition for habeas relief, Congress passed the Second Chance Act of 2007, Pub. L. 110-199, Title II, § 251(a), 122 Stat. 692 (Apr. 9, 2008); therefore, the challenged regulation has been superseded by a new regulation and "the issue of the validity of the old regulation is moot, for this case has 'lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract questions of law.'" Princeton Univ. v. Schmid, 455 U.S. 100, 103 (1982) (per curiam) (quoting Hall v. Beals, 396 U.S. 45, 48 (1969) (per curiam)). See also Am. Med. Ass'n v. Bowen, 857 F.2d 267, 270 (5th Cir.1988)(dispute resolved because of changed circumstances considered moot).

The petitioner is challenging 28 C.F.R §§ 570.20 and 570.21, which "have been 'effectively erased' by the Second Chance Act." John v. Berkebile, 2008 WL 2531430, *2 (N.D. Tx.2008)

(citing <u>Coal. of Airline Pilots Assocs. v. FAA</u>, 370 F.3d 1184, 1185-91 (D.C. Cir. 2004) (dismissing as moot a case challenging certain FAA regulations where the regulations were "effectively erased" following the enactment of new federal law)).  Since the enactment of the Second Chance Act, there are no facts presented by the petitioner to indicate that the BOP follows the regulations complained of by the petitioner; therefore, this petition is rendered moot.  Further, as to petitioner's assertion that there is a "reasonable expectation" that respondents will continue in the same manner as was done prior to the Second Chance Act, the Court of Appeals for the Fifth Circuit has held that "the mere possibility of future consequences is too speculative to give rise to a case or controversy."  <u>Bailey</u> at 279.  (citing <u>Vandenberg v. Rodgers</u>, 801 F.2d 377, 378 (10th Cir. 1986); <u>United States ex rel. Graham v. United States Parole Comm'n</u>, 732 F2d. 849, 850 (11th Cir. 1984)).

## CONCLUSION

For the foregoing reasons, petitioner's case will be dismissed as moot with prejudice since this court can no longer grant the remedy requested in light of the Second Chance Act.

A final judgment will be entered in accordance with this memorandum opinion and order.  Further, all pending motions are terminated by the entry of this order.

SO ORDERED this the   14th   day of May,  2009.

    s/ David Bramlette
    UNITED STATES DISTRICT JUDGE